UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KENMORE MERCY HOSPITAL,

                  Plaintiff,

v.

RICHARD F. DAINES, M.D.,
AS COMMISSIONER OF HEALTH OF THE
STATE OF NEW YORK,

                  Defendant.

**DECISION AND ORDER**
09-CV-162S

## I. INTRODUCTION

In this action, Plaintiff Kenmore Mercy Hospital, doing business as the McAuley Residence, asserts claims pursuant to the Equal Protection Clause of the Fourteenth Amendment, as well as the Supremacy clause of Article VI of the United States Constitution, 28 U.S.C. § 2201, and 42 U.S.C. § 1983. Plaintiff's claims arise from Defendant's decision to classify Plaintiff as a free-standing facility for purposes of the New York State Medicaid program and Defendant's application of that program's regulations to similarly situated nursing facilities with disparate results. Plaintiff seeks an invalidation of Defendant's designation of Plaintiff as a free-standing facility, a declaration that Plaintiff is a hospital-based facility for purposes of Medicaid program reimbursement, and such other relief as this Court deems appropriate under 42 U.S.C. § 1983. Presently before this Court is Defendant's motion to dismiss Plaintiff's complaint in its entirety. For the reasons discussed below, Defendant's motion to dismiss is granted.[1]

---

[1] In support of its Motion to Dismiss, Defendant filed a Memorandum of Law and a Reply Memorandum. (Docket Nos. 8, 13.)
    In opposition to Defendant's Motion to Dismiss, Plaintiff filed a Response Memorandum and a

1

## II. BACKGROUND

**A.   Facts**

In adjudicating Defendant's motion to dismiss, this Court assumes the truth of the following factual allegations contained in the complaint.  See Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740, 96 S. Ct. 1848, 1850, 48 L. Ed. 2d 338 (1976); see also Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 63 (2d Cir. 1997).

Plaintiff, the McAuley Residence ("McAuley"), is a licensed 160-bed residential health care facility, with its offices and principal place of business in the State of New York, Erie County.  (Complaint ("Comp."), ¶ 2.)  McAuley is located on the campus of, and physically adjacent to, the Kenmore Mercy Hospital.  (Id. at ¶ 23.)  Defendant, the late Richard F. Daines, M.D., was, at all relevant times, the Commissioner of the Department of Health of the State of New York.  (Id. at ¶ 3.)[2]

Prior to 1993, Plaintiff consisted of two distinct entities.  The Catherine McAuley Residence, a 79-bed nursing home operated by a New York not-for-profit corporation, was located across the street from the Kenmore Mercy Hospital.  (Id. at ¶ 21.)  The Kenmore Mercy Hospital itself owned and operated an 80-bed nursing home known as the Kenmore Mercy Home.  (Id. at ¶ 20.)  In 1993 these two residences merged to form the McAuley Residence.  (Id. at ¶ 22.)  As part of this merger, a Certificate of Need Application ("CoN") was filed for approval with the previous Commissioner of Health, the New York State Department of Health, and the New York State Public Health Council.  (Id.)

---

Sur-Reply Memorandum.  (Docket Nos. 11, 18.)

[2]The Court notes that since this case was filed a new Commissioner of Health, Nirav R. Shah, M.D., M.P.H., has been confirmed by New York State Senate.

The CoN submitted by Plaintiff requested a designation as a hospital-based nursing home. (Id. at ¶ 24.) Designation as "hospital-based" results in preferential reimbursement rates under New York's Department of Health, through the Department's participation in the federal Medicaid program. (Id. at ¶¶ 13-14.) Upon review of Plaintiff's CoN, the Department of Health and the previous commissioner demanded that Plaintiff withdraw the requested designation, and instead request a designation as a free-standing nursing home. (Id. at ¶ 25.) A designation as "free-standing" yields significantly less favorable reimbursement rates than a hospital-based designation. (Id. at ¶ 14.) Plaintiff initially accepted the Department of Health's demand. (Id. at ¶ 26.) However, in May 2007 Plaintiff filed a rate appeal challenging its designation. (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Pl.'s Resp."), Docket No. 11, 7.) Plaintiff's appeal was denied in February 2008. (Id.) Plaintiff now seeks to invalidate Defendant's designation of Plaintiff as a free-standing facility, and a declaration that Plaintiff is a hospital-based facility for purposes of Medicaid reimbursement.

### B. Procedural History

Plaintiff commenced this action on February 20, 2009, by filing a complaint in the United States District Court for the Western District of New York. Defendant filed the instant motion to dismiss Plaintiff's complaint in its entirety on April 6, 2009.

### III. DISCUSSION

### A. Legal Standard

Rule 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of the claim. Fed. R. Civ.

P. 8(a)(2). But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007); Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008). Legal conclusions, however, are not afforded the same presumption of truthfulness. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.")

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 1945 (quoting Twombly, 550 U.S. at 570). Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility is present when the factual content of the complaint allows for a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949. The plausibility standard is not, however, a probability requirement; the pleading must show, not merely allege, that the pleader is entitled to relief. Id. at 1950; Fed. R. Civ. P. 8(a)(2). Well-pleaded allegations in the complaint must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

A two-pronged approach is thus used to examine the sufficiency of a complaint. First, statements that are not entitled to the assumption of truth — such as conclusory allegations, labels, and legal conclusions — are identified and stripped away. See Iqbal,

129 S.Ct. at 1950. Second, well-pleaded, non-conclusory factual allegations are presumed true and examined to determine whether they "plausibly give rise to an entitlement to relief."[3]  Id.

## B.     Statute of Limitations

Defendant argues that Plaintiff's complaint must be dismissed for falling outside the applicable statute of limitations.  (Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Complaint ("Def.'s Mem."), Docket No. 8, 3-4.) Defendant argues that the relevant statute of limitations is three-years, pursuant to New York's C.P.L.R. § 214(2), because Plaintiff's action is brought under 42 U.S.C. § 1983. Plaintiff responds that construing its causes of action as arising out of 42 U.S.C. § 1983 misunderstands the complaint.  Plaintiff asserts that "there exists no statute of limitations on the declaratory relief McAuley seeks" because Plaintiff brings its causes of action under the Supremacy Clause of Article VI and the Fourteenth Amendment to the United States Constitution.  (Pl.'s Resp. 6.)  Plaintiff further argues that even if there were a relevant statute of limitations it would have been tolled because Defendant's acts constitute a continuing violation of federal law.  Alternatively, the statute of limitations would not yet have run, because Plaintiff brought an appeal in May 2007.

A declaratory judgment action does not have a set statute of limitations.  Rather, the statute of limitations for declaratory relief depends on the action's underlying substantive

---

[3]Although seemingly inconsistent with the command to treat well-pleaded factual allegations as true, this plausibility inquiry appears to include consideration of whether more likely or alternative explanations for the complained-of conduct exist.  See, e.g., Iqbal, 129 S.Ct. at 1951-52 ("But given more likely explanations, [the allegations] do not plausibly establish this purpose."); Twombly, 550 U.S. at 567-68 (finding that plaintiff's allegations were not suggestive of antitrust conspiracy in the face of an "obvious alternative explanation" for the allegations in the complaint).

claims.  Kermanshah v. Kermanshah, 580 F. Supp. 2d 247, 268 (citing Town of Orangetown v. Gorsuch, 718 F.2d 29, 42 (2d Cir. 1983).  Although declaratory judgment is not itself a basis for jurisdiction, and does not provide an independent cause of action, Vaden v. Connecticut, 557 F. Supp. 2d 279, 283 (D. Conn. 2008), claims brought pursuant to the Supremacy Clause "do not depend on the existence of a private right of action." Village of Westfield v. Welch's, 170 F.3d 116, 124 n.4 (2d Cir. 1999).  Courts in this Circuit have held that the applicable statute of limitations for such an action in New York is six-years.  Niagara Mohawk Power Corp. v. F.E.R.C., 162 F. Supp. 2d 107, 137 (N.D.N.Y. 2001) (constitutionality of government conduct governed by six-year statute of limitations provided by C.P.L.R. § 213(1)); see also Nextel of New York, Inc. v. City of Mount Vernon, 361 F. Supp. 2d 336, 340 (S.D.N.Y. 2005); New York State Elec. & Gas Corp. v. Saranac Power Partners L.P., 117 F. Supp. 2d 211 (N.D.N.Y. 2000).  Because this Court finds that there is a relevant statute of limitations, it must consider whether Plaintiff's cause of action falls within that period, or whether an exception applies.

Plaintiff was originally designated as a free-standing facility in 1993.  Although Plaintiff alleges that it initially sought a designation as hospital-based, it is undisputed that Plaintiff's submitted its CoN having requested a free-standing designation.  Therefore, if the statute of limitations began running in 1993, Plaintiff's action would be time-barred for being brought sixteen years after the original injury.

Plaintiff argues that, rather than looking back to 1993, this Court should look to May 2007, when Plaintiff filed an appeal to the Department of Health seeking a reconsideration of Defendant's designation.  However, other courts in New York have found that the statute of limitations begins running from the date of the original determination.  See City of

Oneida v. Chassin, 645 N.Y.S.2d 912 (N.Y. App. Div. 1996); Resurrection Nursing Home v. New York State. Dept. of Health, 749 N.Y.S.2d. 579 (N.Y. App. Div. 2002).  There is no reason why Plaintiff's appeal for reconsideration in 2007 would have reset a clock that began running with Plaintiff's original designation in 1993.  C.f., Henry v. Quarantillo, 684 F. Supp. 2d 298, 306-07 (E.D.N.Y. 2010) (statute of limitations began running from initial final administrative denial, as opposed to latest in series of final denials).  Consequently, Plaintiff's claims will be time-barred unless a relevant exception tolled the statute of limitations.

Plaintiff argues that Defendant's continuing violation of federal law provides such an exception.  Each year the New York Department of Health reviewed the Medicaid reimbursement schedule for Plaintiff.  Each year the Department set the reimbursement rates on the basis of Plaintiff's designation as a free-standing nursing home.  This constitutes, in Plaintiff's view, an annual violation of federal law.  "The continuing wrong doctrine provides that, in certain cases involving continuous or repeated wrongs, the statute of limitations accrues upon the date of the last wrongful act."  Margrabe v. Sexter & Warmflash, P.C., No. 07-CV-2798, 2009 WL 361830, at *7 (S.D.N.Y. Feb. 11, 2009); Matthews v. Connecticut Dept. of Pub. Safety, No. 3:10cv325, 2010 WL 3984645, at *5 (D. Conn. Oct. 8, 2010) ("The continuing violation doctrine applies to ongoing circumstances that combine to form a single violation that 'cannot be said to occur on any particular day.'" (quoting National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114-115, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002)).  The doctrine's existence is justified by the unfairness and impracticality of requiring a plaintiff to file suit before he can predict damages.  Kahn v. Kohlberg, Kravis, Roberts & Co., 970 F.2d 1030, 1039 (2d Cir. 1992).  However, the

doctrine applies only to continuing wrongs rather than to the continuing effects of earlier wrongful conduct. Margrabe, 2009 WL 361830, at *7 (quoting Selkirk v. State, 671 N.Y.S.2d 824, 825 (N.Y. App. Div. 1998).

Here, the continuing wrongful conduct exception does not apply. Plaintiff was originally classified as free-standing in 1993. Although each year the New York Department of Health sets reimbursement rates for every provider, it does so on the basis of that provider's designation. Plaintiff received that designation in 1993. Plaintiff now argues that this designation is in violation of federal law. However, according to Plaintiff's contentions, the free-standing designation was already in violation of federal law when it was made back in 1993 because it conflicted with the objectives of the Medicare regulations under 42 C.F.R. § 413.65. (See Comp. ¶¶ 33-36, 44.) Plaintiff could have brought suit at the time of the original designation, or within six years of that date. Instead, Plaintiff waited sixteen years. Plaintiff has not pointed to any change that would warrant adjustment of that designation that was not already present in 1993. Nor has Plaintiff alleged that it could not have predicted the damages that would result from Defendant's designation. Consequently, this Court finds that Plaintiff's preemption claims under the Supremacy Clause of Article VI of the Constitution of the United States are time-barred.[4]

Because Plaintiff also alleges violations of the Constitution's Equal Protection Clause, violations that may have arisen at a later date, this Court must separately consider them. Plaintiff alleges that it and the Erie County Nursing Home are similarly situated

---

[4] To the extent Plaintiff's preemption claims could be read as arising under 42 U.S.C. § 1983, they are similarly time-barred. The applicable statute of limitations under 42 U.S.C. § 1983 is only three years. See Carmichael v. Hobbs, 371 Fed. Appx. 155, 156 (2d Cir. 2010). Starting from Defendant's designation of Plaintiff as free-standing in 1993, this period has long since passed.

nursing facilities. (Comp. ¶ 45.) In 2006 or 2007 the Medicare program designated the Erie County Nursing Home as provider-based and made that designation retroactive to 2003. (Comp. ¶¶ 38-39.) Based on that designation, Defendant subsequently designated the Erie County Nursing Home as hospital-based. (Comp. ¶¶ 41.) Because Defendant relied on the Medicare program's provider-based designation in making the Erie County Nursing Home's designation, but failed to do so in setting Plaintiff's designation, Defendant has allegedly violated Plaintiff's right to equal protection.

To determine when a state supplied statute of limitations begins running on a federally recognized harm, a court looks to when a plaintiff knew or had reason to know of the injury. Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994). Plaintiff claims the Medicare program's designation of the Erie County Nursing Home as provider-based occurred in 2006 or 2007. As a result, Plaintiff's equal protection claim did not arise until after 2006 or 2007. Plaintiff was not harmed until Defendant designated the Erie County Nursing Home as hospital-based because that was when Defendant engaged in differential treatment. Therefore, because Plaintiff filed the present suit in 2009, Plaintiff's equal protection claim is brought within the applicable three-year statute of limitations under 42 U.S.C. § 1983. See Bishop v. Henry Modell & Co., No. 08 Civ. 7541, 2009 WL 3762119, at *4-6 (S.D.N.Y. Nov. 10, 2009) (statutes of limitation, including three-year statute of limitations under 42 U.S.C. § 1983, applies even where only equitable relief is sought).

## C. Equal Protection

Having satisfied itself that Plaintiff has alleged a timely claim for violation of the Equal Protection Clause, the Court must consider whether Plaintiff's claim survives Defendant's 12(b)(6) motion to dismiss. Defendant argues that Plaintiff has failed to state

9

how it and the Erie County Nursing Home are similarly situated, has not alleged that Defendant was acting with a malicious desire to target Plaintiff, and has not shown that the differential treatment was a result of non-discretionary state action. (Def.'s Mem. 10-13.) Plaintiff responds that it has sufficiently pled its claim to survive dismissal by giving Defendant fair notice of its claim and the grounds on which it rests, and argues that Defendant's standard is erroneous.

Plaintiff does not dispute that its equal protection claim is properly characterized as a "class of one" claim. (Pl.'s Resp. 12.) A Plaintiff bringing a "class of one" claim alleges that he has been intentionally treated differently from others similarly situated, and that there is no rational basis for such different treatment. Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 58 (2d Cir. 2010). This entails showing an "extremely high degree of similarity between themselves and the persons to whom they compare themselves." Id. at 59 (quoting Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006)). "[T]o succeed on a class-of-one claim, a plaintiff must establish that (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake." Id. at 59-60. Moreover, following recent Supreme Court decisions, general allegations that would previously have overcome a motion to dismiss on a "class of one" equal protection claim are no longer sufficient. Id. (discussing tension between standards in DeMuria v. Hawkes, 328 F.3d 704, 707 (2d Cir. 2003) and Iqbal, 129 S. Ct. at 1950).

Plaintiff's complaint states that Plaintiff and the Erie County Nursing Home are

10

similarly situated. The complaint also states that the Erie County Nursing Home was designated as a provider-based nursing home operated by the Erie County Medical Center and that, unlike Plaintiff, it shares no physical connection to the Medical Center. Applying the higher pleading requirements recognized in Ruston, this does not suffice to state a "class of one" equal protection claim.

In Musco Propane, LLP v. Town of Wolcott the court dismissed plaintiff's equal protection claim that he had been singled out for differential treatment in a zoning dispute to expand his property's propane storage capacity. No. 3:10-cv-1400, 2011 WL 3267756, at *3-4 (D. Conn. July 28, 2011). Although plaintiff alleged there were other, similarly situated, landowners, he provided no details explaining the similarities. Id.; see also Camac v. Long Beach City Sch. Dist., No. 09 CV 5309, 2011 WL 3030345, at *16 (E.D.N.Y. July 22, 2011). As in that case, Plaintiff here has not explained how the two nursing homes are similarly situated. In fact, Plaintiff's have highlighted the geographic differences between the two, as well as the different years in which Plaintiff and the Erie County Nursing Home received their designations. Defendant has submitted evidence adding to these differences. Pursuant to Federal Rule of Evidence 201(b), this Court takes judicial notice of the Stipulation and Order entered in County of Erie v. DeBuono, New York State Supreme Court, Erie County, Index No. 7459/98. See 5-Star Mgmt., Inc. v. Rogers, 940 F. Supp. 512, 518 (E.D.N.Y. 1996) (taking judicial notice of attached pleadings on motion to dismiss). This Stipulation and Order shows that the Erie County Nursing Home was designated as hospital-based pursuant to 10 N.Y.C.R.R. § 86-2.10(a)(13)(I). That provision applies to facilities originally certified prior to 1983. Plaintiff by contrast did not receive its certification until 1993. This alone means that the circumstances of each

11

nursing home are not "prima facie identical," Camac, 2011 WL 3030345, at *16 (quoting Kamholz v. Yates County, No. 08-CV-6210, 2008 WL 5114964, at *5 (W.D.N.Y. Dec. 3, 2008)), and provides a rational basis on which the nursing homes were treated differently.

Although Plaintiff argues that "[b]ecause discovery has not been conducted in this matter, the true nature and extent of the similarities between the McAuley Residence and Erie County Home are not known," the higher pleading requirements earlier discussed mean that Plaintiff must provide something more than conclusory allegations that "are not entitled to the assumption of truth." Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010 (quoting Iqbal, 129 S. Ct. at 1950). Consequently, this Court will grant Defendant's motion to dismiss Plaintiff's "class of one" equal protection claim.

### IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is granted.

### V. ORDERS

IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss (Docket No. 7) is GRANTED.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:   September 18, 2011
         Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        Chief Judge
                                        United States District Court